Fowler, Trustee, etc., Respondent, vs. Schafer, Appellant.

*March 2 — June 1, 1887.*

*Evidence of title: Improvements, claim for in ejectment.*

1. Proof of possession by an Indian, and of common reputation of his ownership, of a part of the reservation of his tribe not shown to have been allotted to him in severalty, and of continuous possession for more than forty years under conveyances from him and

his grantees, witnessed by and acknowledged before members of the same tribe, is not sufficient to establish an equitable title in him or his grantees, as against such tribe.

2. Nor can such title be established by entries in a book once used as a record of the proceedings of the tribe, and afterwards of those of the town supervisors, or by entries in a merchant's account book, or in a mutilated private book, claimed to be copies from town records, none of which are properly attested or authenticated as public records.

3. When a claim for improvements is made by a defendant in ejectment, whether set up as a counterclaim, or made after verdict and before judgment, he is entitled to have the issue thereon tried by a jury before judgment. In a case tried by the court, the issue may be made after the findings are filed.

APPEAL from the Circuit Court for *Fond du Lac County.*

The plaintiff, as surviving trustee for the Brothertown Indians, sues in ejectment to recover twenty acres of land, a part of the Brothertown reservation, claimed by defendant under successive warranty deeds from a member of that tribe and his grantees.

The main facts of the case are the same as in *Fowler v. Scott,* 64 Wis. 509. The evidence relied upon by the defendant to establish the title under which he claims is sufficiently stated in the opinion.

The case was tried by the court and its findings in favor of the plaintiff were filed after the adjournment of the term at which it was tried. At the next succeeding term of court, and before judgment was entered upon the findings, the defendant asserted his claim for improvements, and asked that an issue be made thereon and tried by a jury. This motion was denied and judgment was rendered for plaintiff, from which defendant appeals.

For the appellant there was a brief by *Spence & Hiner,* and oral argument by *T. W. Spence.*

They contended that the record evidence, though fragmentary, was sufficient to show the assignment of the land in dispute in severalty to the Indian under whom defend-

Fowler, Trustee, etc. vs. Schafer.

ant claimed. The plaintiff's denial that defendant had any equitable title is a denial of a mere conclusion of law, and therefore an admission of the facts on which it was claimed. *Schaetzel v. Germantown F. M. Ins. Co.* 22 Wis. 412; *Holden v. Kirby,* 21 Wis. 149; *Johnson v. Oshkosh,* 21 Wis. 184. The defendant was entitled to have his claim for improvements, which was filed at the term when the findings were signed, assessed before judgment. *Scott v. Reese,* 38, Wis. 636; *Hills v. Laporte,* 40 Wis. 113.

*E. Colman,* for the respondent, contended that the record evidence was unauthenticated and inadmissible, and that defendant had not exercised reasonable diligence to have his claim for improvements adjudicated in the action, but still had a remedy.

The following opinion was filed March 22, 1887:

ORTON, J. This is an action of ejectment to recover fractions 1 and 2 of the west half of lot 65, town of Brothertown, county of Calumet, containing twenty acres. The fraction in controversy is a part of the government reservation for the Brothertown tribe of Indians, of one township of land, nearly all of which had been allotted to the various members of the tribe and their families, and conveyed to them by the patent of the United States. The evidence of the title of the plaintiff as surviving trustee, and all the facts not peculiar to this case, are found in *Fowler* v. *Scott,* 64 Wis. 509, and need not be repeated in this opinion. The legal title of the plaintiff was sufficiently shown to entitle him to a recovery, if the defendant did not show an equitable title to this tract of land in William Dick, one of said tribe, and the original grantor of the successive conveyances down to himself. Such successive conveyances were sufficiently shown. In the case above referred to, there was evidence by the map made to accompany the report of the commissioners of allotment, and by a previous recorded tribal allot-

ment, and by the oral testimony of one of the commissioners, that the tract in controversy in that case was actually allotted to Hannah Paul. In this case there is none of such evidence. The report of the commissioners, and the said accompanying map or maps, and the letter of the surveyor attempting a correction of errors therein, and all the other competent record evidence, show that this tract, with several other fractions, were left unallotted and undisposed of, and that it belongs yet to the whole tribe, in common.

The *probabilities* of the defendant's equity consist in the facts that William Dick had, so far as appears, been in possession of this tract, in connection with his known allotments, from that time until the conveyance by himself and wife to Daniel Dyggert, in 1849, and such possession has been continuous in his successors of the title until the commencement of this action: and the witnesses and acknowledging officers of the several conveyances were members of the tribe, and well acquainted with the allotments, and the common reputation of many years that William Dick was the owner, as one of the original distributees of the lands of the tribe.

But these *probabilities* fall far short of showing the equitable title of allotment. The theory of the learned counsel of the appellant is that William Dick and his wife and children obtained their several allotments, except one of the daughters, as shown by the report and the map, and that this tract was in fact, or ought to have been, allotted to William Dick for her, but was left out of the report by mistake. A critical examination of the evidence by which this was sought to be shown would be profitless. The table of births, by which it is sought to show the names and number of the children of William and Catherine Dick, is found on a page of a book, once used as the record of the proceedings of the tribe, and afterwards of the supervisors of the town; and the entry in some merchant's account-book,

Fowler, Trustee, etc. vs. Schafer.

and another entry in an old otherwise blank book, with many of the first leaves torn out, which look some like attempted copies of some survey or allotment of the lands of the tribe to its members and their families, are all utterly without authentication, and who made them, or any one of them, is not known. They were not made proper evidence by any proof of their authenticity or genuineness as public or official records, either as originals or copies, and are not attested in any way known to the rules of evidence, and cannot be called record evidence. The able and ingenious efforts of the learned counsel of the appellant to establish them as such are worthy of all praise. The kind of evidence offered, strengthened if not corroborated by the above probabilities of the case, would come near producing ordinary credence or belief, but it is utterly incompetent and worthless as legal evidence in court. The defendant, therefore, having shown no adverse possession or right to the possession of or equitable title to the land in controversy, the plaintiff was entitled to recover.

It appears that some time after the findings in this case, and before the judgment was rendered, the defendant's counsel asserted the defendant's claim for improvements upon the premises, and by motion asked the court that an issue thereon might be made up and tried before the entry of the judgment. This motion was denied, and judgment was rendered and filed before and without such issue being made or tried. The answer contains an averment of the defendants having made improvements upon the premises of the value of $1,000, and the plaintiff took issue thereto as a counterclaim, by a general denial thereof in his replication to the answer. But in either case, whether the issue had been made by the pleadings, or was tendered by a claim for improvements afterwards, before judgment, the court should have caused an issue thereon to be made up, and to stand for trial by a jury, before judgment, under

section 3096 and the following sections of the Revised Statutes. The findings of the court in such a case ought to be treated as equivalent to the verdict of a jury, and after the findings are made, and before judgment, is the proper time for making up such issue. The judgment was therefore premature and erroneous, and for that reason must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.

Upon a motion for a rehearing, counsel for the respondent contended that the defendant had set up his claim for improvements in his answer as a counterclaim, and the issue thereon was complete two years before the trial, but he had made no proof thereof at the trial, and he should in justice be precluded from raising the question at a subsequent term. It is only in a case where no counterclaim for improvements has been set up by the defendant that he may, under part 2 of sec. 3097, R. S., have the question tried after verdict.

The motion for rehearing was denied June 1, 1887.